```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

REGINALD DUPREE,

                        Petitioner,            MEMORANDUM & ORDER
                                                20-CV-1443(EK)(LB)
            -against-

SUPERINTENDENT M. ROYCE,

                        Respondent.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

Reginald Dupree filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 2015 of robbery (for holding up a convenience store at gunpoint in Queens) and of leaving the scene of an accident (after he crashed, the next day, the same car he had used to flee the robbery). The trial court found Petitioner to be a "violent predicate felon" under N.Y. Penal Law § 70.04 and sentenced him to fifteen years' imprisonment.

In his habeas petition, Petitioner argues that (i) the evidence at trial was legally insufficient to sustain his conviction, (ii) his sentence was excessive under the Eighth Amendment, (iii) the prosecutor presented false and misleading testimony to the grand jury, (iv) Petitioner was deprived of his state-based right to testify before the grand jury, and (v) his

trial counsel was constitutionally ineffective. *See* Petition, ECF No. 1.

Petitioner acknowledges that he has not yet exhausted the claim that his trial counsel was ineffective. Petition at 12.[1] He attached a sworn and notarized statement to his petition, filed in March 2020, indicating that he was then "in the process" of submitting a motion under New York Criminal Procedure Law Section 440.10 "to exhaust all of my state remedies" — including the ineffective assistance claim.[2] *Id*. at 16. Petitioner asks this Court to stay the instant proceeding and hold his petition in abeyance while he exhausts his claims in state court. *Id*.; *see also* ECF Nos. 12, 14.

As a general rule, a state prisoner must exhaust available state-court remedies before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). "Exhaustion of state court remedies requires that a habeas petitioner's federal claim must be 'fairly presented' to the state court." *Willette v. Fischer*, 508 F.3d 117, 121 (2d Cir. 2007). If a petition is "mixed" — meaning it contains both exhausted and unexhausted claims — "the petition ordinarily must be dismissed unless the petitioner

---

[1] Page numbers refer to ECF pagination.

[2] Petitioner also reported he had a coram nobis petition pending in the Appellate Division raising his claims pertaining to the grand jury. Petition at 8-10. The Appellate Division has since denied that action, and denied Petitioner's motion for reconsideration of that decision. *See* Respondent's Letter in Opp. to Motion at 7, ECF No. 16.

(1) meets the criteria for a 'stay and abeyance' while the petitioner exhausts his claims in state court, or (2) agrees to delete the unexhausted claims." *Gray v. Ercole*, No. 08-CV-3300, 2008 WL 5082868, at *3 (E.D.N.Y. Nov. 25, 2008) (citing *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198 (1982); *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  A district court also has discretion to deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2).

Here, Petitioner moves for stay and abeyance.  The Supreme Court has stated that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the "twin purposes" of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 — namely, reducing delays and encouraging exhaustion of state remedies prior to habeas filings.  *Rhines*, 544 U.S. at 276-77.  Accordingly, a stay "should be available only in limited circumstances."  *Id*.  A petitioner must show: (1) "good cause" for his failure to exhaust"; (2) that the "unexhausted claims are potentially meritorious"; and (3) and that he did not "engage[] in intentionally dilatory litigation tactics." *Id.* at 278.

The *Rhines* court did not define the term "good cause."  District courts have determined, however, that good cause "requires a showing of either (1) some factor external to the petitioner [that] gave rise to the default or (2) reasonable

3

confusion, which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Jeffrey v. Capra*, No. 20-CV-232, 2020 WL 4719629, at *2 (E.D.N.Y. Aug. 12, 2020).

Petitioner has not established good cause for the omission to exhaust his ineffective assistance claims prior to filing the petition. He explains that he "requested several documents through [a] F.O.I.L. [Freedom of Information Law] request" under New York State law, including "DD5's, statements and other material." ECF No. 14 at 1. He reports that his FOIL request was granted on December 30, 2020, and he is "waiting to receive" the documents. *Id*. He continues that "said documents could strengthen my argument and are very important to my argument because a lot of these documents [were] not turned over to me or my attorney during or before the Trial proceedings." *Id*. He does not say, however, why he was unable to file and litigate the ineffective assistance claim earlier without the benefit of these materials. (Indeed, he does not say anything about the content of the materials he sought through FOIL.)

"While newly discovered evidence can at times serve as good cause for failure to exhaust a claim, courts have declined to find 'good cause' where . . . the evidence could have been found by petitioner with due diligence." *Tineo-Santos v. Piccolo*, No. 19-CV-5038, 2021 WL 266561, at *5 (S.D.N.Y. Jan.

4

27, 2021) (cleaned up) (no "good cause" where petitioner could have discovered earlier, with due diligence, the information he sought to obtain through a FOIL request). The robbery for which Petitioner was convicted occurred in 2011, and his trial concluded in 2015. Petitioner does not say when he filed the FOIL request in question — only that it was "granted on December 30, 2020." Petitioner simply provides no statement at all concerning the timing of his request for the additional materials.

Without a clear sense of what these materials are, the Court cannot assess whether the Petitioner should have been able to obtain them earlier. Based on Petitioner's other submissions, the Court can speculate that the materials may concern statements to police about the car crash.³ If so, Petitioner proffers no reason why he could not have discovered them with due diligence prior to 2020. And the burden, of course, rests with Petitioner on that subject. *E.g.*, *Perkins v.*

---

³ In support of his ineffective assistance of trial counsel claim, one of Petitioner's alleged alibi witnesses, Gregory Brooks, avers that it was Dupree's cousin who was in the accident and fled, not Dupree. ECF No. 14 at 17-18. Brooks says he was near the scene of the incident and, when questioned by police officers, told them: "I knew about the car accident because I was with my friend Reginald Dupree when he received a phone call from his cousin saying that he had been in an accident, and he needed Reginald to come pick him up from the area where the accident occurred." *Id*. Brooks states that once he heard Dupree was in jail, he "got back in touch" with him *in January 2016* because "he is innocent." *Id*. These allegations — the best the Court can muster under the circumstances — contain no basis on which to conclude that Petitioner could not have acted substantially earlier in respect of his FOIL application.

*LaValley*, No. 11-CV-3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012). Accordingly, Petitioner has failed to satisfy the *Rhines* factors, and a stay would be inappropriate on this record.

### Conclusion

The Petitioner's motion for stay and abeyance is denied. I thus "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims" because, due to the one-year limitation period under AEDPA, "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278. Within thirty days of this Order, Petitioner shall either Show Cause why the Court should not dismiss his mixed petition in its entirety; or alternatively, submit an amended petition omitting his unexhausted claim and proceeding with the exhausted claims. If the Petitioner fails to respond, the Court may use its discretion to delete the unexhausted claims and rule on the merits of the exhausted claims. *E.g.*, *Young v. Great Meadow Corr. Fac. Sup't, No.* 16-CV-1420, 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45

(1962).  The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Petitioner.

SO ORDERED.

        /s Eric Komitee_____
        ERIC KOMITEE
        United States District Judge

Dated:    September 28, 2021
          Brooklyn, New York